CASE 66—PETITION ORDINARY—MAY 23.

# Board of Trustees of Elizabethtown v. Chesapeake, &c., Railroad Company.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. PURCHASE BY ONE CORPORATION OF PROPERTY OF ANOTHER—LIABILITY FOR DEBTS OF VENDOR.—Where one corporation purchases under legislative authority the property and franchises of another, it holds the property free from the claims of creditors of the vendor as if it had been an individual transaction.

2. SAME.—Where a town made a subscription to the capital stock of a railroad corporation in consideration of the company building its machine shops in the town, a subsequent purchaser of the property and franchises of the corporation did not become bound to continue the machine shops in the town, and having removed them the town has no cause of action against it therefor. And even if the town had a lien upon the property of the original corporation to secure performance of its contract, it waived its lien by allowing the property to be sold under judgment of court without asserting its lien.

3. THE FAILURE OF THE PURCHASER TO COMPLY WITH A PROVISION OF ITS CHARTER requiring it to continue certain trains run by the vendor does not give a right of action to the town for damages on that account. For a violation of that statute the Commonwealth alone can maintain an action.

S. H. BUSH, H. T. KENDALL, W. P. D. BUSH AND J. H. VAN-METER FOR APPELLANTS.

1. While it may be true that a purchaser of a railroad at a decretal sale takes it freed from the indebtedness of the former company unsecured by mortgage, and free from mere personal obligations, yet this is not an indebtedness of the former company, but a claim for unliquidated damages for an injury inflicted by the present company by the violation of a contract which is not of a mere personal nature, but one of graver dignity, and equal, if not superior, to any contract the company could have made, since it brings into existence the very creature itself and fixes the place of its existence by virtue of its fundamental law. (L. & N. R. Co. v. Zaring, 9 Ky. Law Rep., 107; Edinburg & Glasgow R. Co. v. Campbell, 9 L. T. N. S., 157; Fisher's Digest, vol. 7, p. 11306; Wilson v. Northampton, etc., Junction Co., 43 L. J. Chan., 503.)

2. To the express condition that the company should locate the road and build a shop in the town, the law adds the condition that the road and shop are to be kept up and operated. (L. & N. R. Co. v. Covington, 2 Bush, 530.)

3. Appellant should be permitted to prove by parol that the true consideration was the agreement of the railroad company to permanently operate and maintain the road and shop in the town, as it alleges, and the appellee admits on demurrer. (Louisville, etc., R. Co. v. Neafus, etc., 13 Ky. Law Rep., 951.)

4. An agreement between an individual and a railroad company for the location of a station or depot at a particular place, in consideration of a donation of money or property to the corporation, is valid, if made without any restriction or prohibition against any other location, and without any stipulation that the company should deflect from its intended route; and a company may bind itself to maintain perpetually a depot at a particular place. (International & G. N. R Co. v. Dawson, 62 Texas, 260.)

HOLMES CUMMINS for appellee.

1. A railroad company, with power to purchase the franchises and property of an older company previously sold under a mortgage, as well as to construct and operate other lines of roads, is not by virtue of such purchase an assignee of the older company so as to be bound by any of its contracts, except such as are a lien upon or otherwise bind the franchises and property thus purchased. (C., O. & S. W. R. Co v. Griest, 85 Ky., 619; Railroad Company v. Newell, 33 Am. & Eng. Railway Cases, 503; Smith v. Gower. 2 Duv., 17; City of Menasha v. Milwaukee, &c., R. Co., 52 Wis., 414; s. c., 5 Am. & Eng. R'y Cases, 300; Houston & T. C. R. Co. v. Shirley, 54 Texas, 125; s. c., 4 Am. & Eng. R'y Cases, 443; Branson v. Oregonian R'y Co., 16 Am. & Eng. R'y Cases, 517.)

2. The purchasers of a railroad under a decree of foreclosure who reorganize and form a new corporation are not liable upon any of the debts, obligations or contracts of the old company. (Vilas v. Milwaukee, &c., R. Co., 17 Wis., 497; Wright v. Milwaukee, &c., R. Co., 25 Wis., 65; Gilham v. Sheboygan, &c., R. Co., 37 Wis., 317; Smith v. Chicago, &c., R. Co., 18 Wis., 17; Steward's Appeal, 72 Pa. St, 291; Hopkins v. St. Paul, &c., R. Co., 2 Dill., 306; Socomble v. Milwaukee, &c., R. Co., 2 Dill., 469; Sullivan v. Portland, &c., R. Co., 94 U. S., 8 6; Cook v. Detroit, &c., R. Co., 43 Mich., 43; s. c. 9 Am. & Eng. R'y Cases, 443; Cooper v. Corbin, 105 Ill.; s. c. 13 Am. & Eng. R. Cases, 395.)

3. Public carriers should be left free to act about location of shops and depots according as the public interest may require, changing from time to time as that interest may change, and the words "establish"

and "maintain" in that connection are never construed into a con-
tract in perpetuity. (Railroad Co. v. Marshall, 136 U. S., 393; Ber-
ryman v. Trustees of Cincinnati Southern R. Co, 14 Bush, 755;
Corporation of Nodowassaga v. Railroad Co, 16 Ontario Appeal
Rep., 52, and notes thereto in 38 Am. & Eng. R. Cases, 711; Railroad
Co. v. People, 42 Am. & Eng. R. Cases, 671, and notes.)

4. On plaintiff's statement its lien, if any it had, has been lost by its
own laches in standing by without protest while the admitted sales
were being made. (Moseley v. Garnett, 1 J. J. M., 216; Bridge Co.
v. Douglass, 12 Bush, 717.)

5. The alleged duty to run through trains from Paducah to Elizabeth-
town was imposed by the Commonwealth for public benefit. and
breach of that duty can not give right of action to any but that
public—the Commonwealth. (2 Blackstone's Comm., 219; 1 Suther-
land on Damages, 6.)

P. H. DARBY OF COUNSEL ON SAME SIDE.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1867 the Elizabethtown and Paducah Railroad
Company was incorporated, with power to construct
and operate a railroad between those places ; and the
board of trustees of Elizabethtown, having first sub
mitted the proposition to voters thereof, made, on
behalf of the town, a subscription of seventy-five
thousand dollars to capital stock of the company,
upon condition of the road being constructed, and
also that *the company build machine shops in Eliza
bethtown, and if it failed to do so the subscription to
be void.*

Subsequently the subscription of stock was paid,
the road constructed and machine shops built within
limits of Elizabethtown, upon thirty acres of land
purchased by the company.

In 1874 the Elizabethtown and Paducah railroad
and all its property, real and personal, used in oper-
ating it, together with franchises of the company,

was sold under judgment of court, Smithers & Marcus becoming purchasers and receiving a deed therefor.  And afterward, they being principal stockholders, a company was incorporated to own and operate the road under name of the Paducah and Elizabethtown Railroad Company.  But in 1882, appellee, the Chesapeake, Ohio and Southwestern Railroad Company, was, by act of the General Assembly, incorporated, and under authority given to it, purchased of the Paducah and Elizabethtown Railroad Company, having authority to sell, said road and all property, real and personal, connected with and used in operating it, as well as franchises of the vendor.

The Chesapeake, Ohio and Southwestern Railroad Company continued, after its purchase, to operate and maintain the machine shops in Elizabethtown, being the only shops owned or used on that road, until the — day of — 188-, when they were dismantled, and shops, instead of them, were, for consideration of fifty thousand dollars paid by the city of Paducah, erected at that place, where the machinery was taken, and all needed work of the company for which machine shops are adapted and used has since been done.  And on account of that abandonement and disuse of the shops at Elizabethtown, alleged to be breach of the contract of subscription of the seventy-five thousand dollars, appellants, trustees of Elizabethtown, brought this action for damages.

In an amended petition, the failure of appellee to run through daily trains between Elizabethtown and Paducah, is made also a cause of action.  Though appellee's motion to strike out that part of the amended petition

containing the additional cause of action was over-ruled, a general demurrer was sustained to it as well as the original petition, and the action was dismissed.

The principles by which the question of appellee's liability for abandoning and disusing the work-shops at Elizabethtown is to be mainly determined, are stated and settled in Chesapeake, Ohio and Southwestern Railroad Company v. Griest, 85 Ky., 619. In that case the appellee sought to recover of the appellant, Ches apeake, Ohio and Southwestern Railroad Company, for a personal injury inflicted in 1881, before its pur-chase of the road, and while owned and operated by the Paducah and Elizabethtown Railroad Company. The latter company was also made a defendant, but was not served with process. It is true the cause of action there was a tort, for which the Paducah and Elizabethtown Railroad Company was directly and alone liable, while here the alleged cause of action is a breach of contract made with the original com-pany, though not alleged to have been broken by either it or the Paducah and Elizabethtown Company, but by the Chesapeake, Ohio and Southwestern Com-pany. Nevertheless, it was in that case held, as the record in this requires us now to hold, that the last named company was a *bona fide* purchaser, paying full value for the road, and, in virtue of the deed of conveyance, became distinct and sole owner of all the property and rights of its vendor, yet free of all claims of creditors. It was further held in that case to be a settled principle that where the power to sell is, by terms of its charter, given to one corporation, a purchaser for value, though also a

corporation, holds the property as if it had been. an individual transaction.

The attitude of the plaintiff in this case is, however, not that of a creditor of the original corporation; but Elizabethtown became, upon ˙performance of the conditions of its subscription of seventy-five thousand dollars, invested with all the rights and bound by all obligations attaching to the position of stockholder of that company. It may be that Elizabethtown, though a stockholder, would have had a right to reparation for violation by the original company of the conditions upon which the subscription of stock was made. But neither by law nor the contract of subscription was a lien acquired on the corporate property to secure performance of those conditions to the prejudice of creditors or *bona fide* purchasers; and even if such lien had existed, the failure to assert it when the action was brought by creditors of the original company for sale of its property, would amount to a waiver of it; for it is. a reasonable presumption that neither the purchasers at the judicial sale nor the Chesapeake, Ohio and Southwestern Company would have paid as much for the property if it had been then adjudged a lien existed in favor of Elizabethtown for enforcement of the condition of its subscription of stock.

But it seems to us very clear that no obligation was ever imposed upon appellee, by either the ˙act authorizing it to purchase the property, or by its contract of purchase, to continue indefinitely, or for any length of time, use of machine shops at Elizabethtown. According to the terms prescribed, there was a literal

performance of the conditions upon which the subscription of stock was made on behalf of Elizabethtown when the machine shops were built there. And in the absence of language showing, or from which it can be fairly implied, it was intended for the machine shops to permanently remain and be operated there without regard to public convenience and necessity certainly an action brought more than fifteen years after the transaction should not be maintained against a *bona fide* purchaser of the property, either for damages or other relief, upon the ground the machine shops have been disused at that place.

In 1867, when the subscription of stock was made, Elizabethtown and Paducah were intended to be terminal points of the railroad, to construct which the stock was subscribed.

In 1882, fifteen years thereafter, that road became part of a line owned by appellee, extending from Memphis, by way of Paducah, to Louisville, and by which Elizabethtown was connected by only a branch road. So that the transfer of machine shops to Paducah, not necessary in 1867, became subsequently a matter of convenience and necessity to the public as well as appellee. And as we are unable to see wherein any legal right of Elizabethtown has been violated by such transfer, or upon what principle of equity appellee's property can be now taken or subjected to a lien of that town that never, in fact, existed, or if it existed has been waived and lost, the demurrer to the original petition was properly sustained.

2. Section 6 of "An act to incorporate the Chesapeake, Ohio and Southwestern Railroad Company,"

.approved January 19, 1892, contains this provision: "Provided, that if the said corporation .shall, by consolidation or otherwise, acquire the Elizabethtown and Paducah Railroad, it shall not, by reason of any branch that may be built, or otherwise, discontinue the operation of said line from Memphis to Paducah, or from Paducah to Elizabethtown, but through cars .shall be kept on the road from Memphis to Paducah and from Paducah 'o Elizabethtown."

Appellant did not acquire, by terms of its subscription of seventy-five thousand dollars, the right to maintain against appellee an action for failure to comply with requirement of that section. For a disregard or violation of that statute it seems to us the Commonwealth only, can maintain a proceeding or action. The demurrer to the amended petition was likewise properly overruled.

Judgment affirmed.