## Aetna Life Insurance Company v. Weck.

(Decided February 19, 1915.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Insurance—Contract of Insurance Complained of as Champertous —Not Subject to Attack by Stranger.—The contract here involved, complained of as being in part champertous, is not in fact champertous. If, however, it could be so regarded, its validity could not be attacked by a stranger to the contract, whose rights are in no way affected by it. Other questions involved in this case are decided in Fidelity & Casualty Co. v. Martin, 163 Ky., 12, and fully set forth in the syllabus of the opinion.

GIBSON & CRAWFORD for appellant.

O'NEAL & O'NEAL and NATHAN KAHN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The questions of law and fact presented by this appeal being substantially the same as in Fidelity & Casualty Company v. Ed Martin, an appeal from the McCracken Circuit Court, this day decided, and the opinion in which is conclusive of this case, it is deemed unnecessary to here restate the conclusions contained in that opinion.

There was, however, one point suggested in argument in this case which was not urged in the other case, viz.: that so much of the contract of insurance as obligated the insurer to "defend suits at its cost in the name and behalf of the insured" (Class D) and to "pay the expense of litigation," is champertous and contrary to public policy. It is a sufficient answer to say that in none of the numerous jurisdictions where this contract has

been construed, has it been held champertous or otherwise contrary to public policy. We perceive no sound ground upon which it could be so held and appellee's counsel has cited no authority in support of his contention. Moreover, a stranger to the contract, like appellee, who is unaffected by it, has no right to question its validity, even though, as between the parties to it, the contract was in fact champertous. 6 Cyc. (paragraph 3), 882; Fogarty v. Jordan, 2 Rob. (N. Y.), 319; Cooke v. Poole, 25 S. C., 593; Potter v. Ajax Min. Co., 22 Utah, 999; Davis v. Settle, 43 W. Va., 17.

Judgment reversed for proceedings consistent with this opinion and that in Fidelity & Casualty Company v. Ed Martin.

Whole Court sitting. Judges Hannah and Nunn dissenting.