## Furnace Coal Mining Company v. Caldwell, By, etc.

(Decided January 24, 1922.)

### Appeal from Pike Circuit Court.

1. Master and Servant—Negligence—Parties.—An employe, who is injured through the negligence of the company while he is at work in a coal mine, cannot maintain an action nor have a recovery against another corporation, which was not in any wise connected with the operating company, even though the latter company at a subsequent day purchase and take over all the property of the original company, if in doing so there was no fraud practiced and the transfer of the property was not for the purpose of avoiding the obligations or liabilities of the original company.

2. Master and Servant—Purchasing Corporation—Equitable Action. —The cause of action of one negligently injured in a mine operated by a corporation exists and can be prosecuted against that company only, in the absence of fraud or bad faith on the part of a subsequent purchasing corporation; but after reducing his cause to judgment against the original company the plaintiff may have an equitable action against the purchasing corporation for the purpose of discovering and subjecting any property or debts owing to the selling corporation, and if the new or purchasing corporation is but a reorganization of the old corporation, or the new corporation has been guilty of bad faith with respect to the plaintiff's claim against the old company, he may have relief against the new corporation.

J. J. MOORE and R. D. DAVIS for appellant.

W. K. STEELE and PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This is an appeal from a judgment for $600.00 obtained by Isaac Caldwell, a seventeen-year-old boy, suing by his father, John Caldwell, as next friend, for damages for personal injury against the Furnace Coal Mining Company, a corporation owning and operating a mining plant in Pike county, Kentucky. In his petition appellee Caldwell avers that while he was engaged at the work of mining coal in the mine of the appellant company on June 16, 1918, he was injured in his foot and leg by a fall of slate from the rib or roof of the mine, which injury he contends was the result of the negligence of appellant company and its agents and servants in charge of the mine.

The answer denies the averments of the petition and pleads contributory negligence and assumed risk on the

part of the plaintiff. On the trial the evidence showed that the plaintiff Caldwell was not working for appellant, Furnace Coal Mining Company, on June 16, 1918, when he was injured, but was at that time engaged in mining coal for the Coffman Coal Company, which company at that time owned and operated the mine which is now owned and operated by the Furnace Coal Mining Company. These facts being clearly established by the evidence for the appellee Caldwell, appellant contends that its motion made, both at the conclusion of the evidence for the plaintiff and at the conclusion of all the evidence for a directed verdict in its favor, should have been sustained. The Coffman Coal Company was not made a party to the action, nor is there an averment in the plaintiff's petition indicating that there was fraud or collusion between appellant, Furnace Coal Mining Company, and the Coffman Coal Company in the sale and transfer of the mine from the latter company to appellant company, nor that the Coffman Coal Company was insolvent or otherwise unable to pay its obligations, including any judgment that might be obtained against it in this action. The evidence was that the Coffman Coal Company had been operating the mine for quite a long time before the injury, and that John Caldwell, who is acting as next friend to his son in the prosecution of this action, was a mine boss in the employ of the Coffman Coal Company at said mine; that in April, 1918, some months before the alleged injury of the appellee, three citizens of Ashland organized under the laws of Kentucky the Furnace Coal Mining Company; that neither of said persons had any connection whatever with the Coffman Coal Company, although the Furnace Coal Mining Company was organized for the purpose of dealing in coal lands and coal mining property, and especially for the purpose of buying the property of the Coffman Coal Company, but for some reason the Furnace Coal Mining Company did not qualify for business under the charter granted in April until some ten days after the accident to appellee, at which time the Furnace Coal Mining Company bought and paid for all the property of the Coffman Coal Company at this particular plant, but did not begin to operate or take charge of the plant until about July 1, 1918, which was fifteen days after the accident. The evidence shows that no member of the organization, Furnace Coal Mining Company,

knew of the injury of appellee Caldwell in the mine, nor that he had any claim against the Coffman Coal Company on account of such injury until long after the closing of the deal. It appears from the evidence that some time after the organization of the Furnace Coal Mining Company and the purchase of the mining property, Coffman, one of the stockholders of the Coffman Coal Company, bought some shares of stock in the Furnace Coal Mining Company, but it is also shown that there are some twelve or fifteen other stockholders in the Furnace Coal Mining Company holding eighty per cent or more of the stock, no one of whom had any interest in or connection with the Coffman Coal Company.

With these facts admitted, it is insisted by the appellee, Caldwell, that as the Coffman Coal Company transferred all its property to the Furnace Coal Mining Company and ceased to exist, the latter company is chargeable with the selling corporation's obligations, and relies upon the case of Harbison-Walker Refractories Company v. McFarland, 156 Ky. 44, and upon the further principle of law that where a purchasing corporation makes all the defenses that can be made, and refuses to disclose the name of the party claimed by it to be the real defendant, it is estopped to complain after judgment, and cites the case of Schmidt v. Louisville, Cincinnati & Lexington Railway, 99 Ky. 143.

Neither of these contentions can be sustained because the facts in the Harbison-Walker case, as well as in the Schmidt case, are very different from the ones under consideration here; moreover, it was held in each of those cases that the proper mode of procedure where a corporation sells its property to another corporation, after a cause of action has arisen against the selling corporation but before suit is brought, is to sue the original corporation, obtain judgment against it and then by an equitable action enforce the common law judgment against the new corporation, by averring and showing that there was collusion or fraud between the two companies, or that the new company is merely a reorganization of the old, or that the old company sold its property to the new in consideration of stock in the new company, or that the new company is simply a new form or name for the old company, with the same stockholders and directors in whole or in part. Chesapeake & Ohio R. R. Co. v. Griest, 85 Ky. 619; Carter Coal Company v. Clouse,

163 Ky. 37; Harbison-Walker Refractories Co. v. McFarland, 156 Ky. 44; American Railway Express Co. v. The Commonwealth, 190 Ky. 636.

If the appellee, Caldwell, had a cause of action it was against the Coffman Coal Company, for whom he was at work at the time of the injury, and not against appellant, Furnace Coal Mining Company, of whom he was not an employe. He testifies that he was working for the Coffman Coal Company at the time of the injury, and his father at that time was a mine foreman at that place. There was, therefore, no juggling between the corporations, or deception practiced by either company to mislead appellee, Caldwell, as to which company was the owner or proprietor of the mine at the time of his injury or at the time of the bringing of the action. True, the appellant, Furnace Coal Mining Company, answered and denied its liability without alleging that the Coffman Coal Company was the owner of the mine on June 16, 1918, at the time of the injury, but this fact was already known to appellee, Caldwell, and such averment would not have brought to appellee's attention any fact not already fully known to him. In the absence of bad faith on the part of the Furnace Coal Mining Company it was under no duty to disclose to appellee, Caldwell, the date of its purchase of the mine. The rule is otherwise where the ownership and property rights of the selling and buying companies are concealed for fraudulent purposes, or the facts as to the ownership of the property are withheld from and unknown to the injured party, for in such case both companies may be made defendants and required to answer and disclose the true ownership and make defense to the action of the plaintiff.

For the foregoing reasons the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.