## Reeves, Commissioner of Revenue, et al. v. East Cairo Ferry Co.

Feb. 3, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellants.

Turner & Turner and Robert E. Hatton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In October, 1940, the Division of Income Tax of the Department of Revenue made deficiency assessments against the East Cairo Ferry Company in the amount of $974.82 for income taxes for the calendar year 1936 with six per cent interest thereon from May, 1937. The sum of $282.53 represented tax liability on income earned by the East Cairo Ferry Company in 1936 and the balance of $692.29 represented a tax on a liquidating dividend owed by the Mound City Ferry Company. The East Cairo Company acquired the Mound City Company in January, 1934, and both companies sold and transferred all of their assets to the Cairo Bridge Commission late in 1936. A few days after the Department of Revenue finally approved the deficiency assessments, the East Cairo Company, through its last president, petitioned the Franklin Circuit Court for a review of and relief from the deficiency assessments, and asked that the ap-

pellants be enjoined from collecting or attempting to collect any income tax from the Cairo Company for the year 1936. The trial court granted the Company the relief prayed; hence this appeal.

Reversal is urged upon the grounds that (1) the relief granted was broader than that asked; and (2) the Commonwealth has a right to look to the stockholders of a dissolved corporation for its unpaid taxes.

We gather from the briefs that at the time this action was filed another was filed seeking a review of the deficiency assessment of $692.29 against the Mound City Ferry Company and that the outcome of that proceeding was a finding in favor of the Commonwealth. While the Company asked that the whole assessment of $974.82 be reviewed, the only part thereof which appears to be seriously challenged is the tax on the liquidating dividend from the Mound City Company. We find no basis whatever for challenging the item of $282.53 which represents the deficiency assessment on the operating income of the Cairo Company for 1936.

It was pointed out in the case of Chesapeake, Ohio & Southwestern R. R. Co. v. Griest, 85 Ky. 619, 4 S. W. 323, 9 Ky. Law Rep. 177, that where a corporation is dissolved or is consolidated its assets become a trust fund for the payment of its debts and may be reached by proceeding against the stockholders of the old company in a court of equity. The case of American Railway Express Company v. Commonwealth, 190 Ky. 636, 228 S. W. 433, 441, 30 A. L. R. 543, involved the question as to whether the American Railway Express Company could be held liable for certain judgments obtained by the Commonwealth against the Adams Express Company. The American Express Company was organized for the purpose of taking over the property and business of the Adams Company, and the Adams Company transferred all of its property to the American. In holding the American liable for the Commonwealth's claims against the Adams Company this Court said that, since all that a corporation has for the payment of its debts is its property, the law, for the protection of creditors, has impressed the property with a trust character for the payment of the debts "and said that the corporation holds it for the benefit of its creditors, and when it parts with this property, getting in return nothing the creditor can

subject, the law will follow the property into the hands of the taker and make it liable to the extent of the value of the property received.'' It is obvious from the foregoing rulings that the Cairo Company's contention that it is not liable for the deficiency assessment against the Mound City Company by virtue of Section 547 of the Statutes, which provides that stockholders of a corporation shall be liable to creditors only to the extent of the unpaid part of the stock subscribed for by them, is groundless. That section has nothing whatever to do with the question involved in this case.

We have noted that this action was instituted within only a few days after the Department of Revenue notified the Cairo Company of the deficiency assessments. Ordinarily, a question such as the one involved herein would come up in a proceeding instituted by the Commonwealth against the stockholders of the dissolved corporation, but since the question has been raised in this proceeding we fail to see how the rights of either party can be prejudiced by a determination of it at this time.

Since it is not contended that the deficiency assessment of $692.29 is incorrect or erroneous, we are faced only with the question as to whether or not the Cairo Company can be held liable for it. We think it can. To rule otherwise would require a departure from the holdings in the Griest and American Railway Express Company cases, supra, to the effect that the property of a corporation is impressed with the trust for the payment of its debts.

Wherefore, the judgment is reversed, with directions to set it aside and for the entry of a judgment dismissing the petition. Whole Court sitting.