# Louisville & N. R. R. Co. v. Biddell.

### APPEAL FROM HARRISON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS—AFFIRMED.

RAILROADS—VENDOR AND PURCHASER—LIABILITY OF PURCHASER FOR TORTS OF VENDOR—STATUTE OF LIMITATIONS.

Held: 1. Where a railroad corporation, after acquiring all the stock of another railroad corporation, accepted a transfer of all the latter's property, subject to its bonded indebtedness and all "other indebtedness," without affecting the rights of "creditors" therein, the purchaser became liable for the torts of the vendor theretofore committed, as the word "indebtedness" should be construed in its broadest sense, as including claims for unliquidated damages, and not merely contractual liabilities, and the word "creditors" as including all persons holding claims against the grantor.

2. As the liability of the purchaser for a tort of the vendor could not be enforced until a judgment therefor had been rendered against the vendor, the statute of limitations did not begin to run in favor of the purchaser until such a judgment had been rendered.

BLANTON & BERRY AND EDWARD W. HINES, ATTORNEYS FOR APPELLANT.

In March 9, 1896, appellee recovered a judgment against the the Kentucky Central Railway Company for $500 with interest and $125 costs, upon which execution was issued and upon a return of no property found, this suit was filed on May 9, 1898, against the L. & N. R. R. Co. to recover the amount of said judgment.

It is alleged in the petition as amended, that the Kentucky Central Ry. Co., sold all of its property to the appellant for a valuable consideration on Sept. 22, 1891, by deed which was recorded in the Harrison county clerk's office, Oct. 15, 1891, and further alleges that on Sept. 22, the day the deed was executed, and for a long time prior thereto, the appellant had been actually in control of and operating said road and knew of the injuries inflicted upon appellees by being carried past their station a distance of two and one- half miles, and that the object of the deed was merely to consolidate the two companies and enable the appellant to control and operate the Kentucky Central Ry. Co. for the benefit of appellant.

The said decree contains the following language:   "The railroad company (appellant) now owns the entire capital stock of the railway company and this conveyance and transfer is made subject to all the bonded indebtedness and other indebtedness of said railway company and the said other companies without in any manner affecting the same or the rights of creditors therein, which said railway company and property hereby conveyed, are to be operated as required by the laws of the State of Kentucky."

The court overruled a demurrer to the petition as amended.

The appellate's answer denies that it undertook to be responsible for or agreed to pay all of the indebtedness or liabilities of the Ky. Central, but says it purchased same in good faith subject to its bonded indebtedness as well as the other indebtedness of the Ky. Central Ry. Co.

By the first paragraph it is contended that an action for damages is not an indebtedness against the Ky. Central and that therefore appellant took the property free from any claims

for torts or injuries, and that appellees had no cause of action against appellant unless it was alleged and proven that appellant held assets belonging to the Ky. Central Ry. Co.

The second paragraph pleads the one year statute of limitation, alleging that at no time within one year, did she institute suit against appellant, though having notice of said purchase.

The third paragraph pleads the five year statute of limitation against the alleged claims. The contention of appellant is, that even if it did assume the indebtedness of the Ky. Central, suit to recover that indebtedness must be brought within five years next after the cause of action accrued.

The fourth paragraph is a plea in bar, and the fifth denies that appellant was operating the road or controlling any property of the K. Central, prior to Sept. 22, 1891, and further denies the transfer was a consolidation, but was a purchase in good faith, and that the stock of the railway company was transferred to appellant the same day of the purchase.

### AUTHORITIES CITED.

Vol. 8 Am. & Eng. Ency. of Law, page 987; L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 308; Ridgeway v. Griswold, 1 McCrary, 151; C. & O. R. R. Co. v. McLean, 12 R., 989; L. & N. R. R. Co. v. Zacharistz, 13 R., 141; C. & O. & S. W. R. R. Co. v. Crest, 85 Ky., 619; Board Trustee v. C. & O. R. R. Co., 94 Ky., 381; Morawetz on Corporations, p. 558; K. C. R. R. Co. v. Biddle, 17 R., 1363; L. & N. R. R. Co. v. Orr, 91 Ky., 114.

W. S. CASON, FOR APPELLEE.

(No brief.)

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee was injured while a passenger on the Kentucky Central Railway Company's train on September 20, 1891. Two days later, or on September 22, the Kentucky Central Railway Company conveyed all of its property to the Louisville & Nashville Railroad Company. A few weeks after this, appellee filed suit against the Kentucky Central Railway Company, and recovered a judgment, which was finally affirmed by this court. She then filed this suit against the Louisville & Nashville

Railroad Company to compel it to pay the judgment, after her execution against the Kentucky Central Railway Company had been returned, "No property found." The court below adjudged her the relief sought, and the railroad company has appealed.

The deed made by the Kentucky Central to appellant recited a consideration of $10, and the other considerations in the deed named, which other considerations are found in the following clause: "The railroad company now owns the entire capital stock of the railway company, and this conveyance and transfer is made subject to all the bonded indebtedness and other indebtedness of the said railway company and the said other companies, without in any manner affecting the same, or the rights of the creditors therein which said railroad and property hereby conveyed are to be operated as required by the laws of the State of Kentucky. In witness whereof, the parties hereto subscribe their respective names, and have caused their corporate seals to be hereto affixed by their duly authorized officers, this date aforesaid." A deed similar to this was under consideration by this court in the case of Railroad Co. v. Griest, 85 Ky., 619 (9 R. 177) 4 S. W., 333. There the vendee, dealing at arm's length with the vendor, bought and paid for the property of the old company, and paid what was an adequate consideration therefor. The court held that this money so paid was a fund out of which the person suing the old company for the tort was entitled to have his claim paid, and, if it had been distributed to the stockholders, he could pursue it. In this case the appellant became the owner of the entire capital stock of its vendor, the Kentucky Central Railway Company, before the execution of the deed to it. It appears from the al-

legations of the answer that it was on the same day on which the deed was executed. But as the deed recites that the Louisville & Nashville Railroad Company was the owner of the entire capital stock of its vendor, the Kentucky Central Railway Company, we must assume that it had acquired such interest in the stock before the execution of the deed. Thereupon it caused the execution of the deed in this case for the nominal consideration of $10, assuming or at least taking the property subject to the bonded or other indebtedness of the vendor company. This was equivalent to an absorption of one corporation by another. "Where one corporation goes entirely out of existence, by being annexed to or merged into another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the surviving corporation will be entitled to all the property, and answerable for all the liabilities of the other. The liabilities of the old corporation are enforceable against the new one in the same way as if no change had been made." Thomp. Corp., sec. 372. The intention of the parties to a *bona fide* transaction is, of course, to control. Where terms used have a doubtful meaning, or more than one meaning, then the court must look to the surroundings for aid in giving them proper construction. Therefore, in the use of the terms "indebtedness" and "creditor," as used in this deed, we must presume that the parties used them in their broadest sense, as intending to embrace such obligations as might be legally imposed upon the obligee by the law, without reference to their more restricted meaning. Otherwise the narrow construction of "debts" (that is to say, that the word included only contractual liabilities) would have been to defeat the legal effect of this absorption, and to have perpetrated

a wrong upon appellee. In the absence of an express averment to that effect, the court can not presume that such was the intention of the parties. We therefore conclude that "debt," as used in this conveyance, under the circumstances of this case, meant all liabilities of the grantor, and the clause that "it shall in no wise affect the rights of the creditors" meant the rights of such persons as held claims or demands against the grantor. In view of the fact that there were no stockholders except the grantee at the time of this conveyance into whose hands purchase money could be pursued, and as the grantor was thereby divesting itself of every character of property and assets out of which the debt could be made, any other construction would be equivalent to convicting the parties of a fraud.

The statute of limitations can not avail in this case, because in the case of Railroad Co. v. Griest, supra, we expressly held that before the person suing the old company for the tort could maintain his action against a vendee company, in any event, he would first be compelled to reduce his claim to a judgment against the old company. This course was followed exactly in this case.

The judgment must be affirmed, whole court setting.