Missouri, Kansas & Texas Railway Company of Texas v.
C. M. Warner et al.

Decided November 1, 1902.

1.—Railway Company—Consolidation of Roads—Judgment—Statute Construed.

Where, during the pendency of an action for damages against the Taylor, Bastrop & Houston Railway Company, it became merged by consolidation with the Missouri, Kansas & Texas Railway Company of Texas under and by virtue of the act of the Legislature of April 2, 1891 (General Laws, page 128), and the special Act of April 16, 1891 (Special Laws, page 120), the latter corporation took the property subject to the suit, and it having been prosecuted to judgment against the original defendant, such latter corporation, though not made a party, was bound thereby.

2.—Same—Limitations.

Since the liability of the latter corporation for the tort against plaintiff could not be enforced until a judgment therefor had been rendered against the Taylor, Bastrop & Houston Railway Company, limitations did not begin to run against the latter (consolidated) corporation until the rendition of the judgment.

Appeal from Fayette. Tried below before Hon. Norman G. Kittrell, Special Judge.

*Brown, Lane & Garwood,* for appellants.

*L. W. Moore* and *Robson & Duncan,* for appellees.

GARRETT, Chief Justice.—This appeal is from a judgment of the District Court of Fayette County in consolidated causes No. 5511, C. M. Warner et al. v. Missouri, Kansas & Texas Railway Company of Texas, and No. 5588, Missouri, Kansas & Texas Railway Company of Texas v. C. M. Warner et al., on the docket of that court. The first was a suit against the railway company upon a judgment which the plaintiff, C. M. Warner, had obtained against the Taylor, Bastrop & Houston Railway Company in cause No. 4038, C. M. Warner et al. v. Taylor, Bastrop & Houston Railway Company, a defendant corporation whose property had been absorbed by the Missouri, Kansas & Texas Railway Company of Texas, a case also in said court. The second was an injunction suit brought by the Missouri, Kansas & Texas Railway Company of Texas against the said C. M. Warner and others to enjoin an execution issued upon the judgment in cause No. 4038; and which had been levied on the part of the appellant's line of railway acquired from the Taylor, Bastrop & Houston Railway Company. The consolidated cause was submitted and tried by the court below without a jury, and the trial resulted in a judgment in favor of the appellees against the appellant for the amount of the judgment in said cause No. 4038, for which execution should issue; and in favor of the appellant perpetuating the preliminary injunction which had been granted in cause No. 5588. Both parties have appealed.

The original cause of action in cause No. 4038, C. M. Warner et al. v. Taylor, Bastrop & Houston Railway Company, was for the death of Roland Dublin, the minor son of C. M. Warner, which was caused August 18, 1887, by the negligence of the defendant Taylor, Bastrop & Houston Railway Company. At the time of the death of the child, and continuously from then until the time of the trial, the said C. M. Warner was a married woman, the wife of Albert Warner, who joined her in the suit as plaintiff pro forma. Roland Dublin was the son of the said C. M. Warner and a former husband, J. R. Dublin, from whom she had been divorced, and who joined her in said cause No. 4038. The decree of divorce between J. R. Dublin and C. M. Warner awarded the custody of the child to the said C. M. Warner. Pending the suit No. 4038, C. M. Warner et al. v. Taylor, Bastrop & Houston Railway Company, the appellant was incorporated under the general law of the State of Texas, and by authority of a special act of the Legislature of April 16, 1891 (Special Laws Twenty-second Legislature, 120); and a general law, an act of the Legislature of April 2, 1891 (General Laws Twenty-second Legislature, 128), acquired and absorbed the property and railroad of the defendant in said cause, and a deed was made by the Taylor, Bastrop & Houston Railway Company to the Missouri, Kansas & Texas Railway Company of Texas, January 27, 1892, which conveyed the property in accordance with terms of said acts of the Legislature. The appellant was never made a party to said suit, and the same proceeded to final judgment against the Taylor, Bastrop & Houston Railway Company in the District Court of Fayette County, June 6, 1900, in favor of C. M. Warner in her separate right for the sum of $3750. Upon appeal from said judgment to the Court of Civil Appeals for the First District the judgment of the District Court was affirmed, and upon application to the Supreme Court a writ of error was refused February 21, 1901. During the pendency of said suit the cause was before the appellate courts on appeal several times, and in 1895 the plaintiff, C. M. Warner, assigned to the appellees, L. W. Moore, John T. Duncan, and W. S. Robson, one-half of whatever judgment she might finally obtain, as their attorney fee. The suit No. 5511, C. M. Warner et al. v. Missouri, Kansas & Texas Railway Company of Texas, was brought upon that judgment March 25, 1901. After the filing of the petition in No. 5511, on to wit, August 22, 1901, the appellees caused an execution to be issued on the judgment recovered against the defendant in No. 4038 and to be levied by the sheriff of Fayette County for the satisfaction of said judgment upon that part of the appellant's line of railway between the town of Taylor in Williamson County and the city of Houston in Harris County, the same being the part thereof acquired from the said Taylor, Bastrop & Houston Railway Company, and the same was advertised for sale by said sheriff. On November 19, 1901, the appellant filed its petition in the District Court of Fayette County for a writ of injunction against said sale, and a temporary writ was granted and the cause stood for trial on the docket as said cause No.

5588. The Taylor, Bastrop & Houston Railway Company has no general office in the State of Texas.

The appellant was concluded by the judgment in the suit No. 4038, C. M. Warner et al. v. Taylor, Bastrop & Houston Railway Company, and the court below did not err in sustaining the demurrer to the appellant's answer which sought to plead to the original cause of action. By the terms of the acts of the Legislature, both general and special, and the deed of conveyance, the appellant took the franchises and property of the Taylor, Bastrop & Houston Railway Company subject to all suits which were pending against it, and while the appellant might have been made a party to the suit, it was not necessary to do so. Act April 2, 1891, Gen. Laws 22d Leg., 128; Act April 16, 1891, Spec. Laws 22d Leg., 120; Railway v. Biddell (Ky.), 66 S. W. Rep., 34; Railway v. Ashling, 43 N. E. Rep., 373. The Taylor, Bastrop & Houston Railway Company and a number of other companies owning short lines in the State of Texas were consolidated and absorbed and incorporated into one line of railway, to be owned and operated by a single company to be incorporated under the general incorporation laws of the State. A general law was passed by the Legislature (General Laws Twenty-second Legislature, 128) providing for the incorporation of railway companies for the purpose of acquiring, owning, maintaining, and operating lines of railway authorized to be sold. Among other things the act provides:

"Every railroad company organized under the preceding section of this act, shall take the property so purchased subject to all incumbrances, judgments, claims, suits, claims for damages and for right of way against the old company and subject to all debts and claims for damages, accruing against any receiver which may have been appointed for the old company, to the same extent that such property would have been liable in the hands of the railroad company from which it was purchased, and such new company may be made a party to every suit pending against the company from which it purchased, or which may be pending against any receiver of such company, to enforce any right against such new company, and the new company may be sued to enforce any such rights, without joining the old company or the receiver, and in case any judgment has been rendered against the company from which the purchase is made or against a receiver for such last named company and for which the property is liable, execution may be issued on such judgment against such property in the possession of the new company without any suit therefor. When any corporation shall be formed under the provisions of the first section of this act, service of process may be had upon any agent of such corporation in the county where suit may be pending. Such service shall bind each and every railroad operated or owned under such character in the same manner as if it were one railroad."

The recitals in the special act (Special Laws Twenty-second Legislature, 120) show that the Taylor, Bastrop & Houston Railway and a

number of other lines built and owned by the Missouri, Kansas & Texas Railway Company and its stockholders and persons interested therein were to be united and consolidated into one system to be owned and operated by a single new corporation to be organized under the general laws of the State of Texas, and after providing for acqusition of the several properties by the new corporation the law provided for the liability of the new corporation for the obligations of the absorbed lines as follows:

"The sale herein authorized to be made shall be subject to all just and legal incumbrances, suits or actions for damages or rights of way, liens, judgments and debts given, contracted or incurred by said Missouri, Kansas & Texas Railway Company and other companies herein mentioned, upon or against said properties or any part thereof, as well as to the payment and discharge of all and singular the legal obligations and liabilities of every sort whatsoever against said Missouri, Kansas & Texas Railway Company, and properties herein mentioned, and for all debts, judgments, suits, and all claims for damages against the receivers of said Missouri, Kansas & Texas Railway Company to the same extent that said property would be liable therefor if the property remained in the possession and control of said Missouri, Kansas & Texas Railway Company, and the purchasing company or corporation shall take the same, charged therewith, and subject to the payment thereof and the assumption by such purchasing company or corporation of such incumbrances, debts and liabilities may enter into and constitute a part of the consideration for such sale and conveyance thereto   *   *   *   ."

It thus clearly appears that there was a consolidation of the lines of railway, and that the Taylor, Bastrop & Houston Railway Company became defunct and its line of railway and property was absorbed by the appellant as a new corporation, and that it took the property subject to pending suits. It was only necessary to make the new company party to a pending suit in order to enforce the right against it, and this might be done after prosecution to judgment. That it was not deemed necessary to make the new company a party defendant to the pending suit in order to conclude it, appears from the provision of the law authorizing execution on the judgment against the old company against the property of the old company in possession of the new company without necessity of a suit therefor.

If the new company is concluded by the judgment in the original suit, limitation will only commence to run from date of final judgment, and then only against the judgment. Railway v. Biddell, supra. It is unnecessary to determine the question of the character of the property in the claim as the separate property of C. M. Warner or otherwise, since in no event can the claim be barred by limitation.

In view of the fact that the Taylor, Bastrop & Houston Railway Company has no general office in the State and is evidently a defunct corporation, and the apparent inconsistency between the provision of the

law authorizing the sale of the property of the old corporation in the possession of the new corporation, if it should be applied to the line of railroad, and the general law directing how the sale of the roadbed shall be made, we can not say that the court erred in refusing to dissolve the injunction and to give the appellees damages against the appellant. The judgment of the court below will be affirmed.

Affirmed.

Writ of error refused.