## Hanger v. Apperson.

(Decided February 22, 1916.)

### Appeal from Bell Circuit Court.

Corporations—Officer and Stockholder—Personal Liability.—An officer and stockholder in a corporation is not liable for corporate debts to the extent of assets received, where the corporation, after the distribution of a portion of its assets, has left in the hands of its president in an adjoining State assets more than suf-

ficient to discharge the indebtedness, in the absence of a judgment and return of no property against the corporation.

A. W. BABBAGE for appellant.

PATTERSON & INGRAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and reversing.

The Wallsend Coal and Coke Company is a mining corporation organized under the laws of this State. While engaged in mining it went upon the adjacent property of Lewis Apperson and removed therefrom coal of the value of $296.40. Subsequently the company disposed of its property to the Continental Coal Corporation and had ceased to do business in this State. With the exception of $6,000.00 worth of bonds in the Continental Coal Corporation, it has distributed its assets among its stockholders. Harry T. Hanger, vice-president of and a stockholder in the Wallsend Coal and Coke Company, received in the distribution assets amounting to $282.50. The $6,000.00 in bonds, which have a market value more than sufficient to discharge plaintiff's debt, are in the possession of the president of the Wallsend Coal and Coke Company as trustee, and are held by him for the purpose of meeting any unliquidated claims against the company. He lives in Virginia.

Without having previously taken any steps to recover of the corporation, plaintiff, Lewis Apperson, brought this suit against Hanger to recover of him individually, on the ground that he was personally liable to the extent of assets received, which should have been used in payment of plaintiff's claim. The case was submitted on the pleadings and an agreed statement of facts and judgment rendered in favor of plaintiff. Defendant has moved for an appeal.

We have no statute in this State making an officer or a stockholder in a corporation primarily liable in a case like this for the debt of a corporation. The only ground, therefore, on which he can be held liable is that, while the corporation was insolvent and unable to pay its debts, he received from the corporation assets which should have been used in discharging its debts. As a condition precedent to such a recovery, it is generally held that the creditor must procure a judgment against the company itself and a return of "no property found."

This is regarded as neecssary in order to show that the corporation is in fact insolvent and has no assets with which to pay its debts. Plaintiff insists that this rule does not apply where the corporation has no property in the State which could be subjected to the debts, for the reason that the law does not require a vain or futile thing. The difficulty with plaintiff's case, however, grows out of the admitted fact that the corporation, after distributing its assets and paying defendant $282.50, has more than sufficient assets left to pay plaintiff's debt. So long as this condition of affairs exists, whether the property be in this or another state, it cannot be said that the corporation, when it did not have sufficient assets to pay its debts, distributed to the defendant assets which should have been used for that purpose. Since plaintiff did not recover a judgment and return of "no property found" against the corporation, and since the only ground on which defendant can be held liable is admitted not to exist, we conclude that plaintiff is not entitled to recover.

Wherefore the appeal is granted and the judgment is reversed and cause remanded with directions to dismiss the petition.