## Louisville & Nashville Railroad Company v. Nield.

(Decided October 31, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Corporations—Liability of Stockholder for Debt—Enforcement. —As a general rule of equity procedure the secondary and equitable liability of a stockholder for a corporation debt may not be enforced until the primary and legal liability of the corporation has been determined and that remedy exhausted by obtaining a judgment and return of "no property found."

2.   Corporations—Liability of Stockholder for Debt.—An exception
     to this rule universally recognized is that a stockholder may be
     proceeded against directly in equity and without prior judgment
     and exhaustion of legal remedies against the corporation if it
     has been legally dissolved.

3.   Corporations—Procedure Against     Stockholder for Liability.
     —Where a stockholder of a corporation acquired all of its capi-
     tal stock, sold all of its assets and from the proceeds of the
     sale paid all corporate debts except one, of which he had full
     knowledge, converted the balance of the proceeds to his own
     use and left the corporation without business or assets or officers
     or agents, held, that the creditor could sue the stockholder di-
     rectly in equity upon his secondary liability for the debt with-
     out having exhausted legal remedies against the corporation,
     though not legally dissolved, as in equity a vain and futile thing
     involving circuity of action will not be required as a mere rule
     of procedure.

4.   Corporations—Proceeding Against Stockholder     for   Debt—Par-
     ties.—Under such circumstances the corporation was a proper but
     not a necessary party to an action by the creditor against the
     stockholder to enforce his equitable liability for a debt of the
     corporation, and the court erred in sustaining a special demurrer
     to the petition and dismissing the action without prejudice, be-
     cause of the failure of plaintiff to make the corporation a party
     defendant.

J. J. DONOHUE, B. D. WARFIELD and MOORMAN & WOOD-
WARD for appellant.

HUGH B. FLEECE and TRABUE, DOOLAN & CRAWFORD for
appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The question upon this appeal is whether, in any
event, a suit may be maintained in equity against a
stockholder for a debt of the corporation before a judg-
ment has been obtained at law against the corporation
and a return of "no property," and without the corpora-
tion being made a party defendant. That ordinarily and
as a general rule the secondary and equitable liability
of a stockholder for the corporation debt cannot be en-
forced until the primary and legal liability of the
corporation has been determined and legal remedies ex-
hausted by obtaining a judgment and a return of "no
property" thereon, is freely admitted by appellant,
which insists, however, that the facts pleaded in its peti-
tion bring this case within an exception to the general

rule. These alleged facts are that the defendant (now appellee) was an officer and director of the corporation and acted for it, as its agent, in contracting the debt sued on, amounting to $11,482.57; that thereafter he acquired all of the capital stock of the corporation, sold all of its assets, and after paying all corporate debts except this one, and with knowledge of its existence, fraudulently converted to his own use the balance of the proceeds of the sale of all corporate assets, amounting to more than forty thousand dollars; that the corporation is, and has been for more than four years, insolvent and without officials or agent or business or existence in fact though not legally dissolved.

The appellee, to sustain the action of the chancellor in sustaining special demurrers to the petition and dismissing the action without prejudice, relies upon the case of Swan Land & Cattle Company v. Frank, 148 U. S. 603, and the general rule, as stated in 10 Cyc. 728, and as recognized by this court in C. & O. R. Co. v. Griest, 85 Ky. 619; L. & N. R. Co. v. Biddell, 112 Ky. 494; Harbison, Walker Co. v. McFarland, 156 Ky. 44; Camden Interstate Railroad Co. v. Lee, 84 S. W. 332; but it is conceded that the facts relied upon here as constituting an exception to the general rule were not present in any of the cited Kentucky cases, and that the precise question involved here is one of first impression in this jurisdiction. We need not, therefore, review these Kentucky cases, as expressions found therein, if any, that might be construed as favorable to one side or the other of this controversy were beside the question then before the court and cannot be accepted as authority. The general rule, as stated in 10 Cyc. 728, is in substance that as a rule of equity procedure a creditor of a corporation cannot have equitable relief against its shareholders until he has prosecuted his demand to a judgment at law against the corporation unless circumstances existed excusing him from doing so. On the next page (729) of the same volume it is stated upon authorities cited that there are two theories as to what will excuse the necessity of exhausting legal remedies against the corporation before a suit can be maintained upon the equitable liability of the stockholder, the first of which is that a *de facto* dissolution of a corporation is sufficient, while the other is that nothing less than a

*de jure* dissolution will suffice, and in support of this latter theory we find the case of Swan Land & Cattle Co. v. Frank, *supra,* cited; and it is upon this case almost exclusively, stated by the chancellor in his written opinion to be upon all fours with the case at bar, that reliance is had to sustain the judgment dismissing the petition herein. As the question before us is one of practice merely we do not feel bound to accept as binding authority the majority opinion in the Swan case, which is declaratory only of the practice in federal courts, where the differences between equity and common law procedure are more rigidly observed than in this state where the practice has been liberalized in many respects by the enactment of a code of practice as well as by judicial sanction. Moreover there are some distinguishing features in the facts of the two cases, especially one affecting the right of the sued stockholder to contribution from other stockholders; but even aside from such distinguishing features the dissenting opinion rendered by Mr. Justice Brown seems to us not only more convincing in its reasoning, but much more consonant with substantial justice and with the provisions and spirit of our Code. Outside of the federal courts the courts of last resort in Massachusetts and Tennessee seem to have taken the position that only a *de jure* dissolution of a corporation will excuse the creditor in failing to prosecute his demand to judgment at law against the corporation before proceeding to charge the shareholders (Boston Glass Manufactory v. Langdon, 24 Pick. 49; Blake v. Hinkle, 10 Yerg. 218), while the courts of New York and Ohio have held that a *de facto* dissolution of a corporation has the same effect. Shellington v. Howland, 53 N. Y. 371; Barrick v. Gifford, 47 Ohio St. 180, Morgan v. Lewis, 46 Ohio St. 1. All of the authorities, however, hold that the stockholders may be proceeded against directly and without a prior judgment against the corporation after it has been legally dissolved, and this upon the theory that justice ought not to be defeated because of a failure to do an impossible thing; that is, to recover a judgment against or bring in as a party a corporation which at the time has no legal existence. The other theory is that justice ought not to be defeated or delayed because of the failure of the plaintiff to do an impractical and vain thing, and this

distinction is at best a very narrow and technical one without real substance, and when allowed it seems to us should be for some satisfactory reason affecting the substantial rights of interested and necessary parties to the transaction involved and not merely because of the strict letter of a general rule of practice. As the stockholder's liability is only secondary it cannot, of course, be established without a showing in the action in which it is attempted that a suit at law against the corporation would be futile; but this is as far as the substance of liability goes, and in our judgment as far as the rule of practice finds support in reason. The majority opinion in the Swan case in carrying the rule of practice to the extent that only a *de jure* dissolution of the corporation can excuse a prior judgment at law against the corporation before an equitable and secondary right can be asserted against the stockholder is in the final analysis rested solely upon the theory that equitable and legal remedies can not be commingled in one action so as to establish the former, but since all of the authorities, even the Swan case, allows this to be done where under the circumstances alleged it is impossible to do otherwise, we cannot understand why in reason and in equity the exception that is made in favor of the impossible ought not also be made in favor of the impractical and futile. Equity has ever been a protest against the potency of unreasonable and unappropriate rules of practice alone to defeat substantial justice as well as an endeavor to prevent multiplicity of actions and to avoid circuity of proceeding. How then, in reason, can a rule of equity procedure, sanctioned only by usage, be sustained when it accomplishes only circuity of action by requiring an impractical and vain, if not impossible, thing to be done? Certainly this was not the purpose of nor the reason for the adoption and use of this rule by courts of equity. It is, of course, necessary before the stockholder can be held liable for the debt of the corporation that it must be established that the corporation cannot be made to satisfy its primary obligation. This is substantive law. But the manner in which the inability of the corporation to respond must be demonstrated is mere matter of practice, and while it is undoubtedly the better practice that the demonstration should be by an exhaustion of legal remedies against the corporation

where practicable before proceeding against the stock-
holder; and in many instances, as where there are
numerous stockholders and creditors, it is the only prac-
tical method of demonstration so as to bind all inter-
ested parties of the fact upon which the stockholders'
liability depends. So ordinarily and as a general rule
legal remedies against the corporation should be ex-
hausted in a prior action before suing the stockholder
or stockholders upon the secondary liability, but when,
as here, if the allegations of the petition are true, as
must be assumed upon this inquiry, there is only one
creditor (the plaintiff) and only one stockholder (the
defendant) and the latter has by his fraudulent act
made an independent action against the corporation an
impractical and vain undertaking involving circuity of
action and unnecessary delay and expense it seems to
us that the general rule is inapplicable because of the
absence of any reason for its application, and that under
our practice only one lawsuit should be enjoined upon
the creditor and that the only parties interested in the
controversy should be required to litigate in it their
respective rights, as they may do without affecting or
prejudicing the rights of other persons.

2. But even so, appellee argues that the corpora-
tion was a necessary party and not having been brought
into this action by plaintiff the chancellor was bound to
sustain the special demurrer and dismiss the petition
without prejudice as was done. This presents the ques-
tion of whether the corporation whose primary obliga-
tion was the subject of this litigation, was under the
facts alleged in the petition a necessary or only a proper
party, a distinction recognized in many decisions of this
court  If a necessary party, then under section 371 of
the Code the judgment should not be reversed because
that section provides that an action may be dismissed
without prejudice to a further action by the court "for
the want of necessary parties" and for other reasons
not pertinent to this inquiry, and further that "in all
other cases upon the trial of the action the decision must
be upon the merits." Section 28 of the Code provides
"the court may determine any controversy between
parties before it if it can do so without prejudice to
others. If it cannot do so it must require such other per-
sons to be made parties or must dismiss the action with-

out prejudice." It will be noticed that under section 28 the court *may* determine any controversy between the parties before it if it can do so without prejudice to others, and that under section 371 the court may dismiss an action without prejudice for the want of necessary parties, but that in all other cases, except as therein enumerated, the decision must be upon the merits upon the trial of the action, so that construed together, as the two sections must be, the court must determine any controversy between parties before it if it can do so without prejudice to others, and the question that we must now decide narrows to whether or not the controversy between plaintiff and defendant, who were before the court, could have been determined without prejudice to others. That this was not only possible but entirely feasable is apparent from the facts alleged; that plaintiff is the only creditor of the corporation and defendant its only stockholder, and that the corporation has been reduced to such a shadowy condition by the fraud of defendant that it is not only incapable of doing any business or satisfying its obligations, but is also incapable of defending an action against it except and unless through the defendant. It has no business or assets or officers or agent. It could not employ counsel to make a defense for it, nor could process be served upon it so as to bring it into court unless upon the defendant, in whom is found every attribute of potent corporate existence which he has not extinguished. He is, by his own act, all that is left of the corporation except a mere shadowy, inconsequential thing that cannot be touched or apprehended or brought into court except by service of process upon him, and although the corporation is not legally dead its existence is even at law in such a state of suspension, Louisville Gas Co. v. Kaufman, 105 Ky 159, that it is incompetent to act for itself and utterly incapable of functioning at all except at the behest and in the interest of the defendant. Under such circumstances we cannot imagine any necessity or reason for its presence in this action that is not fully satisfied and most thoroughly accomplished by the defendant himself, who has literally swallowed the corporation whole; and, while not a necessary party to the action, the corporation, since it has not been legally dissolved, has no doubt such technical though suspended existence

as makes it a proper party to the action so that either the plaintiff or the defendant might have gone through the formality of making it a nominal party hereto, but only this and no more. If the defendant desired the presence of this thing, which he has reduced to a mere dummy, capable of acting only at his bidding, he should have revived it sufficiently to bring it into court, but he should not, in equity or reason or good conscience, be permitted to demand of plaintiff as a pre-requisite to its right to proceed against him, either that it do the vain and foolish thing of suing it independently, or the equally vain and foolish thing of making it a nominal party to this action where its presence could serve no purpose whatever unless as a shield for the defendant to hide behind. Although the corporation was not, at the time the contract sued upon was made, a "dummy," acting as the agent of the defendant so as to render him primarily liable for the corporate obligation, as was the case in Postal Telegraph Co. v. Thornton, 153 Ky. 176, nevertheless it is now and was when this suit was brought, upon the allegations of the petition, just such a "dummy" and incapable of acting if brought into this action, except as the agent of the defendant, who is its absolute master in the matters involved in this action. At least upon the petition as amended these facts are true, and if true, sufficient in our judgment to excuse the plaintiff from going through the legal formalities of a separate action against the emasculated corporation, of obtaining a judgment and return of "no property found" before suing the defendant who alone is able to defend the actions or satisfy a judgment as well as relieving plaintiff of the necessity of making the corporation a party defendant to this action. If these facts alleged in the petition are not true the defendant may controvert them and, if deemed proper or necessary, make the corporation a party to the action, but the petition states a cause of action against the defendant and, if true, the corporation, although a proper party was not a necessary party to the determination of the controversy between the parties before the court, and the chancellor erred in sustaining the demurrer to the petition.

Wherefore the judgment is reversed for proceedings consistent herewith.