## Highbaugh, et al. v. Huff, et al.

(Decided October 31, 1924.)

### Appeal from Harlan Circuit Court.

1. Corporations—Dissolved Corporation Still in Existence to Settle its Affairs.—Corporation dissolved between November 1, 1920, and February 1, 1921, was still in existence in March, 1921, for purpose of settling its affairs and adjusting or paying claims of creditors.
2. Corporations—Corporation and Not Stockholders Proper Party Defendant in Action after Dissolution to Recover Price Paid for Stock.—Where, before corporation engaged in business, stockholders decided to dissolve it and part of purchase price of stock was returned, balance being withheld to pay small debts incurred, stockholder desiring to recover larger amount than he received must sue corporation and not other stockholders.
3. Appeal and Error—Judgments May Not be Added to Give Jurisdiction.—Where plaintiff and one defendant each recovered a

money judgment, amounts thereof could not be added to give jurisdiction of appeal under Ky. Stats., sections 950-1 to 950-3.

HALL, JONES & LEE for appellants.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Dismissing appeal as to J. M. Huff and granting appeal and reversing as to E. W. Huff.

Prior to the 30th of August, 1920, the two Highbaughs and Bailey were the owners of a coal lease on a tract of land in Harlan county. On that day they organized the Harlan Bituminous Coal Company, the two Highbaughs and Bailey being the incorporators. The capital stock was $20,000.00 and they thereafter sold the coal lease to the corporation and it issued to them $10,-000.00 of the par value of its capital stock.

On or about the 20th of October, 1920, the corporation sold to J. M. Huff $1,000.00 of its capital stock, for which he paid $1,000.00 in cash, and at the same time issued to E. W. Huff $1,200.00 of the par value of its capital stock, for which he paid $1,200.00 in cash.

For some time prior to these dates the coal business had been very prosperous and large profits were being made by coal operators, but about December, 1920, the price of coal was very greatly reduced and thereafter it became much less profitable, if profitable at all.

There were only five stockholders of this corporation, and after the unfavorable change in the market they agreed upon a dissolution of the corporation, and inserted an advertisement in a newspaper looking to that end. There had been no actual mining of coal from the lease owned by the company, but in preparing for such mining operation some expenses had been incurred, and some small debts against the corporation were in existence.

Acting under the agreement of dissolution the secretary of the corporation repaid to J. M. Huff $800.00 of $1,000.00 he had paid into the corporation, and repaid to E. W. Huff $900.00 of the $1,200.00 he had paid in.

This is an action by J. M. Huff against the other four stockholders, including E. W. Huff, wherein he asks a judgment against the two Highbaughs and Bailey for the sum of $182.50, the balance of the $200.00 not repaid

to him, less what he estimates to be his portion of the expense of the corporation.

E. W. Huff filed his answer and cross-petition against the Highbaughs and Bailey wherein he asked judgment against them for $279.00, the balance of the $300.00 not repaid to him, less what he estimates to be his part of the expense.

The Highbaughs and Bailey filed their joint special demurrer to the petition upon the ground that on its face it showed a defect of parties, the corporation not being made a party; and thereafter filed their general demurrer to the petition, evidently upon the ground that one stockholder in a corporation, even though it had been properly dissolved, could not maintain his action against other stockholders to recover money paid by the plaintiff for his stock in the corporation, particularly when there had been no settlement of the affairs of the corporation.

The suit was filed in March, 1921, and the allegation is that the alleged dissolution took place between the first of November, 1920, and the first of February, 1921, so that, assuming the corporation to have been properly dissolved, under a well known rule it was still in existence for the purpose of settling its affairs and adjusting or paying the claims of its creditors.

The petition on its face shows that the plaintiffs' claim was against the corporation, and if it showed any right to a judgment it was against that corporation which was not a defendant. The lower court seems to have proceeded upon the idea that after the dissolution by agreement the five stockholders occupied the relationship toward each other of partners. Clearly this was error so long as the corporation was in existence for the purpose of settlement of its affairs.

It seems to be perfectly clear that the Huffs had no right of action against their fellow-stockholders of the corporation for the money held by the corporation which they had paid in for their stock, their right of action being wholly against the corporate entity, and the necessity for its being a party is apparent.

We are of opinion, therefore, that both the special and the general demurrers should have been sustained; the special demurrer because of the failure to make the corporation a party, and the general demurrer because

the petition showed on its face their claim was against the corporation and not the individual defendants. Economy Building & Loan Association v. Paris Mfg. Co., 113 Ky. 246; Cassell's Admr. v. Coal Co., 145 Ky. 591; Ewald Iron Company v. Commonwealth, 140 Ky. 692; 142 Ky. 465. But the judgment in favor of J. M. Huff is for only $165.00, while the judgment in favor of E. W. Huff is for $250.00. As these two amounts cannot be added together so as to make the required amount necessary to give this court jurisdiction, we cannot entertain the appeal from the J. M. Huff judgment under the provisions of section 950 of the Ky. Statutes. The appeal, therefore, in so far as it affects J. M. Huff, must be and is dismissed.

But as to E. W. Huff the appeal is granted and the judgment is reversed with directions to dismiss the cross-petition of E. W. Huff.