## The New Trosper Coal Company v. The Maryland Casualty Company.

(Decided November 11, 1924.

### Appeal from Knox Circuit Court.

1. Insurance—Presumed that Workmen's Compensation Board had Approved Rate where Insurer and Insured Acquiesced Therein.—In action by insurer for premiums on policy under workmen's compensation act, insured having paid premiums at certain rate and acquiesced in them, it must be presumed that workmen's compensation board had approved such rate, and burden to show contrary was on defendant, under Kentucky Statutes, sections 4927, 4955.

2. Appeal and Error—No Substantial Right of Defendant Held Affected by Introduction of Improper Evidence.—In action for premiums on policy under workmen's compensation act, where presumption necessarily arose that workmen's compensation board had approved rate, defendant was not substantially prejudiced within Civil Code of Practice, section 134, by parol proof of such approval.

R. N. JARVIS for appellant.

BARRET, ALLEN & ATTKISSON and BLACK, BLACK & OWENS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

The Maryland Casualty Company brought this suit against the New Trosper Coal Company to recover the balance alleged to be due on the premium for two insurance policies insuring it against loss under the workmen's compensation act. The coal company defended on the ground that the rates charged were higher than were right. The circuit court, at the conclusion of the plaintiff's evidence, the defendant offering no evidence, instructed the jury peremptorily to find for the plaintiff. the defendant appeals.

Section 4955, Kentucky Statutes, among other things, provides:

> "No policy of insurance against liability for compensation under this act shall be valid until the rate thereof has been approved by the board, nor shall any such carrier of insurance write any such policy or contract until its basic and merit rating schedule have been filed with, approved and not subsequently disapproved by the board."

Section 4927, Kentucky Statutes, provides:

> "All proceedings of the board shall be recorded in a book kept for that purpose by the secretary, which shall constitute a public record and shall contain an entry of each case, claim or proceeding considered, heard or passed upon by the board, or a member thereof, with the award, finding or decision made thereon."

On the trial in the circuit court the plaintiff's witnesses were allowed to state, over the objection of the defendant, that the rates charged had been approved by the workmen's compensation board, without producing any record from that board showing this fact, and the chief ground for reversal is that the court erred in admitting parol evidence to the effect that the workmen's compensation board had approved the rates.

The rates for this insurance depend upon the condition of the mines. The mines are inspected from time to time and the rates for any mine are fixed in accordance with the class it falls in. The rates here were raised after the policies in question were issued, after an in-

spection had been made, and on two subsequent inspections showing better conditions the rates were lowered. These changes in the rates under the statute must be approved by the workmen's compensation board. But the record shows that the defendant had full knowledge of the rates charged and acquiesced in them. It made repeated claims on the insurance company to pay losses and never at any time made any objection to the rates charged, although it made payment from time to time on the premiums. When the first policy expired it applied for a new policy and in this application the rate then in force, which had been fixed after the first policy was issued, was set out by it, and the insurance was applied for at this rate. No change was made in the rate after this except twice to lower it, and in the last letter it wrote the defendant expressly promised to pay the premium when a certain claim was settled. This claim was settled and still it did not pay. Under such circumstances it must be presumed that the workmen's compensation board had approved the rate, for both parties acquiesced in it and acted upon the ground that it was the proper rate. If parol evidence should not have been admitted to the effect that the workmen's compensation board had approved the rates, no evidence being offered to show the rates had not been approved by the board, the defendant was in nowise prejudiced by the admission of this parol evidence, for the court should have instructed the jury peremptorily to find for the plaintiff, although this evidence had not been given. Under such circumstances the burden was upon the defendant to show that the rates had not been approved by the board, for it had recognized the rate repeatedly and promised to pay the premium on this rate. Section 134 of the Civil Code provides:

"The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

No substantial right of the defendant was affected by the introduction of this evidence. The court does not now express any opinion as to whether approval of the insurance rates falls within section 4927, Kentucky Statutes, above quoted.

Section 4983, Kentucky Statutes, is also relied on. It is in these words:

"Any proposed premium, assessment, dividend or distribution of subscribers shall be filed with the insurance department and shall not take effect until approved by the insurance commissioner after such investigation as he may deem necessary."

This section is a part of the statute regulating the Kentucky Employes' Insurance Association.

It is objected that there was no evidence that the insurance rates had been approved by the insurance commissioner. Appellee insists that this section applies only to the insurance association. The court does not pass on this question; for appellant introduced no evidence, and for the reasons above given, in the absence of evidence to the contrary, it must be presumed that the rates were regular.

Judgment affirmed.