## Maryland Casualty Company v. New Trosper Company, et al.

### (Decided May 17, 1927.)

### Appeal from Knox Circuit Court.

Corporations.—Where owners of stock of coal company, before recovery of judgment against it by creditor, transferred all assets, mining property, and equipments to a reorganization of another company owned by them, which assets were carried into the organization and have since been owned and constitute capital stock assets of reorganized corporations, judgment debtor was entitled to enforcement of judgment against owners of stock in reorganized company, in action pursuant to Civil Code of Practice, section 439, after execution and return of no property found.

EUGENE R. ATTKISSON and BLACK & OWENS for appellant.

J. D. TUGGLE for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

At the August term, 1922, of the Knox circuit court, appellant, Maryland Casualty Company, recovered judgment against appellee New Trosper Coal Company for $1,570.33, with interest from July 31, 1918, until paid, and for $1,339.40, with interest from February 24, 1919, until paid and the cost of the action. Without superseding the judgment, the New Trosper Coal Company appealed to this court from that judgment, which was

affirmed here November 11, 1924. New Trosper Coal Co. v. Maryland Casualty Co., 205 Ky. 464, 266 S. W. 32. Execution which issued on that judgment was returned "no property found," and thereafter this equitable action was instituted by appellant, Maryland Casualty Company, against appellees New Trosper Coal Company, Wheeler Coal Company, R. R. Wheeler, R. L. Wheeler, and J. T. Bradley. The action was brought pursuant to section 439, of our Civil Code of Practice, for the enforcement of the judgment after execution and a. return of "no property found." The petition stated a cause of action authorizing recovery against the defendants jointly and severally. Issue was joined, and, upon the trial below, the chancellor adjudged that plaintiff had not manifested its right to recover, and adjudged that the petition be dismissed. The appeal is prosecuted from that judgment.

These facts appear: W. S. Shields, Edgar George, J. Frank White, and Jack Ralston formerly owned all of the capital stock of the New Trosper Coal Company. It was capitalized at $50,000, and each of them owned stock to the amount of $12,500. According to their testimony, early in the year of 1919 appellees R. R. and R. L. Wheeler purchased from White and Ralston their half of the capital stock in the New Trosper Coal Company. In November following they purchased the stock of Shields and George in that company, thereby becoming the owners of all of its capital stock. They testified that thereafter they had no further connection with or knowledge of the affairs of that company. According to the testimony of appellees R. R. and R. L. Wheeler, prior to 1919 they were the owners of all save a nominal number of the shares of the stock of a corporation known as the Power Coal Mining Company. It had a capital stock of $15,000, divided into 150 shares of $100 each. On November 7, 1919, the Power Coal Mining Company amended its articles of incorporation, and among other things changed its name to Wheeler Coal Company. The two Wheelers testified that they then owned all the stock in the Wheeler Coal Company and have owned all of it since that time, except a nominal amount held by a third party. They both deny that they ever purchased any of the stock of the New Trosper Coal Company. They testified that Wheeler Coal Company, in November, 1919, purchased from the New Trosper Coal Company all of its mining

properties, title of which passed by deed of conveyance from the one corporation to the other. R. R. Wheeler testified that $60,000 in cash was paid for the properties so purchased. His further testimony is quoted as to this payment:

"Q. 51. Now, who paid it? A. Who made the trade? Q. 52. Who made the payment? A. Well, I made it."

R. L. Wheeler testified:

"I don't know exactly the full consideration; we traded in some other stuff to it; I think it was about $40,000."

They both testified that they did not know what disposition was made by the New Trosper Coal Company of the amount received by it from the Wheeler Coal Company for its mining properties, as they were never stockholders in that company and knew nothing about it. A deed of conveyance by which the mining properties of the New Trosper Coal Company were conveyed to the Wheeler Coal Company was filed in evidence, and it recites "that for and in consideration of 375 shares of stock in said Wheeler Coal Company, and $12,500 in cash, the receipt of all of which is hereby acknowledged," the conveyance was made. The deed was executed on November 8, 1919, the next day after that on which the Power Coal Mining Company, all of the stock of which was owned by R. R. and R. L. Wheeler, was reorganized and its name changed to Wheeler Coal Company. By this reorganization the amount of the capital stock of the company was increased from $15,000 to $100,000. The Wheelers admit that from the date of the reorganization of the Power Coal Company, when its name was changed to Wheeler Coal Company, they have owned all of its outstanding shares of stock except a nominal amount held by a third person. The record establishes that in February, 1919, R. R. Wheeler was the general manager of the New Trosper Coal Company, and as such had full knowledge of the fact that it was indebted to appellant Maryland Casualty Company on the account for which it obtained judgment, because on that date he wrote appellant's representatives in Louisville with reference to the matter, the letter being signed "New Trosper Coal Company, by R. R. Wheeler, General Manager."

It is impossible to reconcile the testimony of the former stockholders of the New Trosper Coal Company with the testimony of appellees R. R. and R. L. Wheeler, or the testimony of any of them with the deed filed in evidence. The former testified that they terminated their connection with the New Trosper Company by selling their stock in it to the Wheelers, and that no deed of conveyance was ever executed. The latter denied that they ever purchased the stock in the New Trosper Coal Company, and testified that the Wheeler Coal Company acquired its mining properties by purchase and conveyance. The deed in evidence shows for itself that it was executed, and that by it the New Trosper Coal Company conveyed its mining properties to the Wheeler Coal Company, and that it was signed and acknowledged by W. S. Shields, as president, and Edgar George, as secretary and treasurer. Another particular in which the testimony of the witnesses cannot be reconciled with this deed is that one of the Wheelers testified that that conveyance was made in consideration of $60,000 cash, paid by the Wheeler Coal Company to the New Trosper Coal Company, and the other that it was made in consideration of $40,000. The deed itself recites that the New Trosper Coal Company received 375 shares of the capital stock of the Wheeler Coal Company and $12,500 in cash for the coal properties conveyed by it. The reorganization of the Power Coal Mining Company and the amendment of its articles of incorporation, whereby its name was changed to Wheeler Coal Company discloses that its shares of stock were of the par value of $100 each, so that, according to the facts recited in the deed, the New Trosper Coal Company received $37,500 of stock in the Wheeler Coal Company for the mining properties conveyed to the latter company. That statement cannot be reconciled with the testimony of the two Wheelers that they at all times since the organization of the Wheeler Coal Company have owned all of its capital stock save three shares held by another.

The only reasonable deduction from the testimony is that the Wheelers acquired all of the stock in the New Trosper Coal Company by purchase from its former stockholders. The former stockholders of the New Trosper Coal Company and the appellees R. R. and R. L. Wheeler are agreed in their testimony in one particular, and that is that the New Trosper Coal Company and its former stockholders have never owned any stock in the

Wheeler Coal Company. The execution of the deed on November 8, 1919, was a palpable scheme on the part of the two Wheelers who then owned all of the stock of the New Trosper Coal Company and of the Wheeler Coal Company to make it appear that the latter company acquired the coal properties of the former in such a way that it would not be liable for the debts of the former. The false recital in the deed that 375 shares of Wheeler Coal Company stock had been issued and delivered to New Trosper Coal Company for the Coal Properties thereby conveyed conclusively establishes its fraudulent character.

R. R. and R. L. Wheeler on November 7, 1919, owned the stock of New Trosper Coal Company, capitalized at $50,000, and that of Power Coal Mining Company, capitalized at $15,000. A reorganization was effected. The capital stock was increased to $100,000. All the stock of the reorganized corporation was issued to, and has since been held by, the Wheelers. All the assets of the New Trosper Coal Company, its mining properties and equipment were merged with those of the Power Coal Mining Company and carried into the reorganization, and have since been owned and held by and constituted the capital stock assets of the Wheeler Coal Company. The judgment debt owing by New Trosper Coal Company to appellant, Maryland Casualty Company, has not been paid. Under these facts, clearly appellant was entitled to a judgment against Wheeler Coal Company and R. R. and R. L. Wheeler for the full relief sought in its petition, and the chancellor erred in not so adjudging. See Martin v. City of Lexington, 183 Ky. 714, 210 S. W. 483; L. & N. R. R. Co. v. Nield, 186 Ky. 17, 216 S. W. 62; Harbison-Walker Refractories Co. et al. v. McFarland's Adm'r, 156 Ky. 44, 160 S. W. 798; Camden Interstate Ry. Co. v. Lee, 84 S. W. 332, 27 Ky. Law Rep. 75; L. & N. R. R. Co. v. Biddell, 112 Ky. 494, 66 S. W. 34, 23 Ky. Law Rep. 1702; Kentucky Beaver Collieries Co. et al. v. Mellon and Smith, 200 Ky. 198, 254 S. W. 421; American Ry. Express Co. v. Commonwealth, 190 Ky. 636, 228 S. W. 433, 30 A. L. R. 543; and American Railway Express Co. v. Asher, 218 Ky. 172, 291 S. W. 21.

Reversed and remanded for judgment in conformity herewith.