## Gearhart et al. v. Citizens Bank.

Oct. 31, 1941.

James C. Clay for appellant.

Lester Hogge for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by appellee against the

appellant and two other individuals, Evans and Townsend, to recover the balance due on a $2,000 promissory note executed to the Morehead State Bank, appellee's predecessor in title, by the Crandall Lumber Company, a defunct Georgia corporation, the stock of which, in its entirety, was owned by the appellant and his co-defendants. Their liability was predicated upon their stock ownership, the voluntary dissolution of the corporation, while solvent, without notice to appellee, and their alleged appropriation of its assets. It was further alleged that appellant and his co-defendants were the directors and officers of the corporation, and that the laws of Georgia imposed personal liability upon them for their aforesaid acts. The defenses interposed, and still insisted upon by appellant, following an adverse judgment, are that the corporation was a necessary party to the action; that the corporation was not insolvent when dissolved and still possesses personal property in Georgia subject to execution; that there were no fraudulent preferences in the settlement of the corporation's affairs; that the note sued on was executed without the authority or consent of the corporation; and that the proceeds of the note were not received in whole or in part by the corporation or appellant or his co-defendant, Evans, but were used for his personal benefit by the defendant, Townsend, who signed the note as treasurer, but who was not before the Court by service of process or otherwise.

Unquestionably the corporation was a necessary party to the suit, notwithstanding its nonresidency and formal dissolution, if, at the time the suit was instituted it possessed property sufficient to satisfy the debt, or if it was indebted to others whose rights should have been determined. Hanger v. Apperson, 168 Ky. 609, 182 S. W. 831; Highbaugh v. Huff, 205 Ky. 353, 265 S. W. 816. But, if as alleged in the petition and indicated by the proof, the corporation was insolvent and its assets had been appropriated by its officer stockholders who had voluntarily brought about its dissolution, the case is well within the exceptions to the general rule pointed out in the case of Louisville & Nashville Railroad Company v. Nield, 186 Ky. 17, 216 S. W. 62, in which the authorities are cited and discussed. Hence, the Chancellor properly overruled appellant's special demurrer to the petition.

We perceive no useful purpose to be served by setting forth the testimony in detail. Though contradicted by appellant in part, it was amply sufficient to sustain a finding by the Chancellor (a) that upon the voluntary petition of the stockholders containing a statement that all of its debts had been paid and all of its property disposed of, the corporation had been dissolved by a decree of a Georgia court of competent jurisdiction without notice to appellee; (b) that the corporation at the time the present suit was instituted owed no debts other than the note held by appellee; (c) that the corporation had recognized the note as a valid corporate obligation; (d) that the corporation at the time the suit was instituted owned only a small amount of property worth not exceeding $300 and situated in the State of Tennessee; (e) that the corporation's property upon dissolution had been transferred or sold by the corporation to the appellant and Townsend upon their agreement to defray the corporation's debts, estimated at $3,000, and that the property so transferred was worth in excess of the amount due on the note; (f) that the note sued on was a renewal of a promissory note for the balance due on a note for $3,130.90 executed by the corporation to the payee Bank to take up customer's notes previously discounted; and (g) that appellant had acknowledged the validity of the note as a corporate obligation by assuring appellee's former president that it was good and would be paid.

While the Chancellor did not deliver a written opinion, it is apparent from his rendition of the judgment appealed from that he interpreted the proof as establishing the facts outlined above. With the facts so established, it is unnecessary to discuss the other defenses interposed, since it is impliedly conceded by appellant's counsel that if the corporation was not a necessary party to this action, his client is liable under universally recognized principles of law to the extent of the assets which he individually received.

Judgment affirmed.