# Kirchdorfer v. Liberty Nat. Bank & Trust Co. et al.

November 15, 1946.

Leo J. Sandmann for appellant.

Nathan Kahn for Liberty Nat. Bank & Trust Co. and Muriel Ewald.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On April 5, 1926, a corporation was organized in Jefferson County under the name of Falls City Quarry Company with a capital stock of $15,000, all of which was subscribed for by Louis C. Ewald, H. W. Jansen and Leo J. Sandmann in equal proportion of $5,000 each.

After the organization Louis C. Ewald was elected President and given general control and management of the business of the corporation, which was the manufacture of crushed rock to be used in the construction and repair of state highways. About a year after the organization of the corporation Sandmann transferred his stock certificate to appellant, Kirchdorfer, who was then elected Vice President of the corporation in lieu of Sandmann who had been elected upon the organization of the corporation. About the same time Jansen endorsed his certificate of stock to the corporation which the petition in this case says was "in satisfaction of a debt." It does not appear from the petition or otherwise whose debt was thereby satisfied, but presumptively it was one due the corporation, and, possibly, incurred by the transferor in the purchase of his stock which was later satisfied by his surrendering his certificate to it. At any rate Kirchdorfer and Ewald thereafter appeared to be the only stockholders, since Jansen ceased to be one in the manner we have stated.

Kirchdorfer, notwithstanding he was Vice President, took no part in the operation of the quarry, it being as we have said, exclusively done by Ewald. In 1940 Ewald sold all of the assets and property of the corporation to one Liter which appears from the record to have been for the sum of $4,500.

Ewald died on August 23, 1943, leaving a last will and testament, which was later probated in the Jefferson

county court. In it he named appellee, Liberty National Bank and Trust Company, executor of his will and trustee for certain devisees named in the will, which provided, inter alia, that in certain named contingencies the residuary of his estate should be equally divided between his heirs and the heirs of his widow upon her death.

On January 20, 1945, after the executor as such had wound up the Ewald estate, with the exception of the trusteeship to which it was likewise appointed in the will of decedent, appellant filed this action against it, decedent's widow and his devisees and heirs, setting out in more detail the above facts, and alleging that the corporation under the management of Ewald had made considerable profits but that no meeting of the directors was ever held after plaintiff became a stockholder in the manner we have stated—but whose transferred certificate was never put upon the corporate stock registration book, though delivered to Ewald at the time; that no dividend was ever declared, stockholders' meetings held or minutes kept of the corporate business, though plaintiff alleged that it earned profits which he stated was as much as 100% of the stock annually. He then alleged that Ewald had converted to his own use all of the profits earned by the corporation, the treasury stock surrendered by Jansen, the sale price received for the sale of the corporate plant, and also the stock of plaintiff. He then alleged that Ewald by such speculations became a debtor of the corporation to the extent of his alleged appropriation of its assets, including plaintiff's stock, and that surrendered by Jansen. He then alleged that either the corporate defendant, or some of the heirs of Ewald were in possession of the books of the corporation as kept by him. The relief asked was that defendants be ordered and directed to surrender the books and records of the corporation to the court and that the court appoint a commissioner with authority to examine the books and report the extent of Ewald's peculations as charged, and for a full and complete settlement of the Ewald estate, and judgment in his favor against Ewald's estate for the amount of assets so converted by decedent. Neither the corporation nor the heirs of Mrs. Ewald (who were, as we have said, contingent devisees under the decedent's will) were made parties to the action.

Defendants filed a special demurrer to the petition because of defective parties, both plaintiff and defend-

ant, which the court (after other motions were made and determined) sustained and dismissed plaintiff's petition upon his failure to plead further. From that order he prosecutes this appeal.

It was not alleged in the petition that the corporation had been legally dissolved. The only allegation with reference to its dissolution was and is: "That on the 15th day, 1942, without Notice, without Resolution, and without authority of the Board of Directors, Officers or Stockholders of the said corporation, the corporation was attempted to be dissolved." Under numerous decisions of this and other courts and according to all text authorities so far as we have been able to find, a corporation even though properly dissolved "was still in existence for the purpose of settling its affairs and adjusting or paying the claims of its creditors," as said by us in the case of Highbaugh v. Huff, 205 Ky. 353, 265 S. W. 816. The rule is well settled, and in fact, is virtually admitted by counsel for appellant.

Plaintiff filed no supporting affidavit to his claim made against Ewald's estate (which was for no named amount), and in his affidavit in support of it he made no definite statements other than what was contained in his petition. The court sustained the special demurrer upon the ground (a) that the action was one to recover from Ewald's estate assets belonging to the corporation in which case it should have been brought in its name by plaintiff as its highest living officer, i. e., that of Vice President, the President, Ewald, having died, and the recovery was sought against his representative heirs and devisees; and (b) that there was a defect in parties defendant, in that the heirs of Mrs. Ewald because of the facts hereinbefore stated were not made parties defendant. We think the court was correct in so adjudging in both instances.

The case of Louisville & N. R. Co. v. Nield, 186 Ky. 17, 210 S. W. 62, relied on by appellant in opposition to the court's ruling in sustaining the special demurrer, is not applicable to the facts of this case since it uncontradictedly appeared in that case that the corporation was insolvent, had completely settled its affairs and passed out of existence beyond recall. There are other differences which plainly distinguish it from the general rule approved in the Highbaugh case, supra, in which we

held that in the circumstances of this case, and under the facts alleged, the right of recovery was in the corporation whose assets had been misappropriated by one of its officers in the manner set out in the petition. A text authority supporting that rule is found in 13 A. J. 939, sec. 985, wherein it is said under the heading "Duties and Liabilities Involved in Management" that: "Any intentional deviation or departure from these duties to the substantial injury of any of the stockholders constitutes wilful mismanagement as a matter of law, for which a court of equity has jurisdiction to call them to account; and where the directors or officers of a corporation are guilty of a breach or neglect of any duties owing by them to the corporation and the proximate result of such breach or neglect of duty is a loss to the corporation, they are liable to it."

The recovery sought by plaintiff in this case against the Ewald estate was the net profits earned by the corporation during its operation by Ewald as its president, plus the value of its holdings which he, according to the petition, wrongfully sold without proper authority given to make that transfer, and also including the value, if any, of the treasury stock surrendered to the corporation by Jansen which latter stock, according to the pleading, was never thereafter subscribed for or transferred to any one. Manifestly such items were assets of the corporation and which were recoverable by an action filed by it and not by one of its stockholders. No other item is sought to be recovered except the value of plaintiff's stock which he alleged had also been appropriated by the decedent.

It perhaps would be true that plaintiff might recover in this action against a fellow stockholder the value of his stock as distinct from other misappropriated assets of the corporation, if the corporation were solvent and it was not necessary for it to appropriate the proceeds of the plaintiff's stock to pay its debts, but plaintiff pleaded no facts developing that situation. To the extent that the value of the stock was necessary to pay the debts of the corporation, it was primarily corporate assets to which creditors of the corporation were entitled in preference to the stockholder. Until a full and complete settlement of the corporate affairs the value of stock in a corporation constitutes a part of its assets. We therefore conclude that the defect of parties plaintiff as set out in reason (a) supra constituted ample grounds for the court's

order in holding that there was a defect of parties plaintiff.

That part of the action seeking a settlement of the Ewald estate was necessarily brought under the provisions of section 428 of our Civil Code of Practice, subsection 2, which says: "The representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants."

The contingent legatees under decedent's will (heirs of his widow), the only ones contingently interested in his estate, should have been made parties defendant to the action, but which was not done, as we have seen.

Other grounds discussed in brief of counsel for appellee, such as the staleness of plaintiff's claim, laches, etc., relate to the merits, to the determination of which the court never arrived in this case and for which reason no discussion or determination of them will be made in this opinion.

Wherefore, the judgment is affirmed.