## Norfolk & Western Railway Company v. Jack Murphy, Administrator of Wilson Murphy.

(Decided March 9, 1926.)

### Appeal from Pike Circuit Court.

1. Corporations—Judgment Against One Corporation May be Enforced Against Another in which its Property is Merged.—Where one corporation owns another, or another is merged in it so that second corporation is only name for first, judgment against the second may be enforced against the first.

2. Corporations.—Corporation is not answerable for debts of another by reason of purchase of its property.

3. Judgment.—Corporation defending suit in name of another corporation is bound by judgment against it.

4. Corporations—Evidence Held Insufficient to Bind Corporation Purchasing Property of Another to Pay Judgment Against that Other for Injury to Employee Occurring After Transfer of Property.—Where one corporation purchased coal leases and property from another and continued to operate them under changed name, evidence held insufficient to bind purchasing corporation to pay judgment against former owner for injury to employee occurring after transfer.

HOLT, DUNCAN & HOLT and J. R. JOHNSON, JR., for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

The Pond Creek By-Product Coal Company, a West Virginia corporation, owned several coal leases in Pike county which it was operating, and on December 31, 1920, conveyed to the Norfolk & Western Railway Company these leases, together with all its tangible personal property of every character and description, "save and except its cash on hand or in bank and its bills and accounts receivable." The railway company immediately took possession of the property and operated the leases in the name of the Pond Creek By-Product Colliery of Norfolk and Western Railway Company of Williamson, West Virginia. Thereafter Wilson Murphy, while engaged in working at the coal mine, was injured and died as the result thereof. Jacob Murphy qualified as his administrator and in March, 1921, instituted a suit in the Pike circuit court against the Pond Creek By-Product Coal Company to recover damages for the death of his intestate.

That company appeared and removed the case to the district court of the United States and at the December term, 1921, the action was dismissed on motion of the plaintiff. Thereafter on December 21, 1921, the administrator filed another action in the Pike circuit court against the Pond Creek By-Product Coal Company to recover damages for the death of his intestate, but fixing the damages at $3,000.00. A summons was issued against the coal company, which was returned executed by the delivery of a copy thereof "to Tug Wilson, superintendent of Pond Creek By-Product Coal Company, January 28, 1922." Wilson was the superintendent of that company and continued as superintendent after the sale, but was not the officer on whom process against the railway company could be served. The Pond Creek By-Product Coal Company appeared by J. J. Moore, its attorney, and filed answer to the petition; the case was tried, resulting in a verdict in favor of the plaintiff against the coal company for $3,000.00. On October 9, 1923, an execution was issued on the judgment and returned "no property found." On December 28, 1923, the plaintiff in that action filed his petition in equity against the Pond Creek By-Product Coal Company and the Norfolk & Western Railway Company, seeking to enforce against the Norfolk & Western Railway Company the judgment he had recovered against the Pond Creek By-Product Coal Company, alleging, in substance, the facts above stated and charging that the Norfolk & Western Railway Company was the owner of the mines at the time his decedent lost his life and was then operating the same in the name of the Pond Creek By-Product Coal Company, and that the railway company had conducted the defense and paid the expenses of defending the action in which the judgment was recovered. The allegations of the petition were controverted by answer, the proof was taken and on final hearing the circuit court entered judgment against the railway company. It appeals.

It has been held in a number of cases that where one corporation owns another or another is merged in it, and the second corporation is only a name for the first, a judgment against the second may be enforced against the first corporation. L. & N. R. Co. v. Biddell, 112 Ky. 494; Harbison, &c., Co. v. McFarland, 156 Ky. 44; Kentucky, &c., Collieries v. Mellon, 200 Ky. 198; 10 R. C. L., p. 300, section 130; 21 C. J. 264; Hart Steel Co. v. R. Supply Co., 244 U. S. 294.

But these cases have no application here, for the Norfolk & Western Railway Company at no time owned the Pond Creek By-Product Coal Company. It simply purchased its tangible property and is in no wise answerable for its debts by reason of the fact that it purchased the property. Kentucky, &c., Co. v. Webb, 181 Ky. 90; American Express v. Commonwealth, 190 Ky. 636; 5 R C. L., p. 183, section 156.

It is also well settled that a corporation which defends a suit in the name of another corporation is bound by the judgment against it. Schmidt v. Louisville, &c., Ry. Co., 99 Ky. 143; Morrison v. Price, 130 Ky. 145; Fidelity and Casualty Co. v. Martin, 163 Ky. 36.

But the proof in this case wholly fails to sustain the plaintiff's allegations. J. J. Moore, the attorney who filed the answer and conducted the defense in that case, testifies that he represented the American Indemnity Exchange, which had insured the Pond Creek By-Product Coal Company; that he was employed by the insurance company; that he did not communicate in any way with the railway company; that the company paid him nothing, and there is no evidence that the railway company paid any part of the defense of that suit or had anything to do with it. From the testimony the defense was conducted entirely by the insurance company and its representative.

While there is evidence in the record that the coal mines were operated in the name of the Pond Creek By-Product Colliery of the Norfolk & Western Railway Company, there is no evidence that the mines were operated in the name of the Pond Creek By-Product Coal Company. It necessarily follows that there is no evidence on which the Norfolk & Western Railway Company may be held liable on the judgment against the Pond Creek By-Product Coal Company. Geneva Cooperage Co. v. Brown, 124 Ky. 16; Kentucky Bonding Co. v. Commonwealth, 178 Ky. 606.

Judgment reversed and cause remanded for a judgment for the defendant.